In the Matter of LEAMON EDWARDS, Petitioner, v THEODORE W.

O'Neill, as Commissioner of Police of the City of Long Beach, Respondent. —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Long Beach Police Department, which, after a hearing, found petitioner guilty of violating departmental rules and dismissed him from employment. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. No opinion. Damiani, J. P., Cohalan and Margett, JJ., concur.

Martuscello, J., dissents and votes to remit the proceeding to Special Term for a hearing, with the following memorandum: The contract between the City of Long Beach and the Long Beach Patrolmen's Benevolent Association provides, under the heading "Disciplinary Action", that: "A determination as to guilt or innocence and punishment, if any, shall be made within thirty (30) days after the hearing is concluded unless an employee consents to a longer period. At the end of the thirty (30) day period, if no determination has been made, the charges and specifications shall be deemed dismissed." This paragraph operates as a condition to the city's right to terminate the petitioner. The breach of a condition as to time in a contract normally results in the unenforceability of the agreement (6 Williston, Contracts [3d ed], § 845). The contract here involved provides that the breach of the 30-day condition results in a dismissal of all charges. In this case, the only evidence in the record is an undated paper, signed by the commissioner, which indicates that the decision to terminate the petitioner's employment based upon the violation was "Effective April 24, 1978". This determination was made effective *thirty-three* days after the hearing concluded on March 22, 1978. This was three days beyond the time permitted under the contract. No written consent to an extension was given, nor was any oral consent to an extension entered on the record. The city's claim that the date of the determination was chosen as an administrative convenience is irrelevant under the express language of the contract. At the very least, the record demonstrates that the petitioner has a prima facie right to have the charges dismissed. Thus, a hearing should be held at which the city should be permitted to try to establish that the determination was officially made before the 30-day period expired. If it cannot do so, the charges should be deemed dismissed with prejudice.